UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DONNY LESTER** | **CIVIL ACTION NO. 3:13-cv-0013** |
|     **LA. DOC #581175** | |
| **VS.** | **SECTION P** |
| | **JUDGE JAMES T. TRIMBLE, JR.** |
| **JACKSON PARISH CORRECTIONS** | |
| **CENTER, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Donny Lester was a prisoner in the custody of Louisiana's Department of Corrections (DOC) who was incarcerated at the Jackson Parish Corrections Center (JPCC) when he filed this civil rights complaint pursuant to 42 U.S.C. §1983 on January 3, 2013. He was released from custody on or about January 28, 2013. He complains that the defendants interfered with his ability to litigate Civil Action No. 5:12-cv-2938 by tampering with his out-going application to proceed *in forma pauperis* in that suit. He also complained that the prison charged 48 cents for a First Class postage stamp. Plaintiff sued JPCC, Wardens Tigner and Stinson, and the JPCC mail room staff. He prayed for compensatory damages of $600,000 "for the loss of 2 other cases due to the interference in said cases and extreme amount of stress." This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

*Background*

On November 19, 2012, plaintiff, who was then a DOC inmate incarcerated at JPCC, filed a *pro se* civil rights complaint against the Warden and nursing staff at the Claiborne

Correctional Center, Homer, Louisiana. *See Donny Lester v. Claiborne Correctional Center, et al.,* Civil Action No. 5:12-cv-2938. His original application to proceed *in forma pauperis* [Doc. 2]was deemed deficient and on November 27, 2012, he was directed to cure the deficiency. [Doc. 4] On December 12, 2012, and December 20, 2012, he submitted documents which cured the deficiency [Doc. 5 and Doc. 7], and on December 26, 2012, he was authorized to proceed *in forma pauperis*. [Doc. 9] This action remains pending in the Shreveport Division.

On December 17, 2012, he filed another civil right complaint against JPCC, Nurse Freeman and Warden Tigner. *Donny L. Lester v. Jackson Parish Correctional Center, et al.*, Civil Action No. 3:12-cv-3106. His original motion to proceed *in forma pauperis* was also deficient [Doc. 2] and, having been notified of the deficiency, plaintiff corrected same on January 3, 2013. [Doc. 5] On January 4, 2013, he was authorized to proceed *in forma pauperis*. [Doc. 8] Thereafter, on March 8, 2013, his complaint was dismissed as frivolous and for failing to state a claim for which relief might be granted. [Docs. 10 and 12]

As previously noted, plaintiff filed the instant Civil Action on January 3, 2013. His deficient applications to proceed *in forma pauperis* [Doc. 2] were rejected on January 10, 2013 [Doc. 4], and March 26, 2013 [Doc. 7], and then corrected by plaintiff on April 16, 2013. [Doc. 8] On April 17, 2013, he was authorized to proceed *in forma pauperis*. [Doc. 9]

*Law and Analysis*

*1. Screening*

Plaintiff was a prisoner who was permitted to proceed *in forma pauperis* when he filed this suit. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,*

2

156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and §1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

**2. Access to Courts**

Plaintiff complains that he was denied his constitutionally protected right of access to the courts during his confinement JPCC. "It has long been recognized that prisoners generally enjoy the constitutional right of access to the court." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999). *See Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). The right of access to the court is not unlimited, however, and includes "only a reasonable opportunity to file non-frivolous legal claims challenging [the prisoners'] convictions or conditions of confinement." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)). Put another way, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to

prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d at 821; *Lewis v. Casey*, 518 U.S. at 351, 116 S.Ct. at 2179-81; *Norton v. Dimazana*, 122 F.3d at 290; and *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir.1996). Plaintiff's pleadings have not demonstrated that his ability to prepare and transmit necessary legal documents to the court has been curtailed. In the three civil actions filed in this district, he has ultimately submitted the appropriate documents and has been permitted to proceed *in forma pauperis* in each instance. Further, that he was required to pay 48 cents for each stamp appears not to have deterred him from litigating his claims.

      In addition, in order for him to state a claim that he was denied his constitutional right of access to the courts, he must also "demonstrate[ ] that his position as a litigant was <u>prejudiced</u> by his denial of access to the court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir.1996) (*per curiam*) (citing *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir.1993)). This requirement that a claimant show "<u>actual injury</u>" is "not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354.  In other words, plaintiff, at the very least, must show that he was prevented from filing a non-frivolous pleading.  In all three civil actions filed in this district, plaintiff has ultimately been afforded *in forma pauperis* status. He has, despite the charge for postage, managed to mail his pleadings timely,  and therefore he cannot demonstrate how the alleged actions of the defendant caused prejudice to him.

      Plaintiff has not been denied access to the courts either with regard to the litigation of this or any other *pro se* civil rights complaint. Plaintiff's access to courts claim is frivolous

### 3. 42 U.S.C. §1997e

      As noted, plaintiff is no longer a prisoner; however, he was a prisoner when he filed the

instant complaint. Therein he sought compensatory damages for the "extreme high level of stress" he experienced. Title 42 U.S.C.§1997e(e), provides"[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The "'physical injury' required by § 1997e(e) 'must be more than *de minimus* [sic], but need not be significant.' " *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997)) (alteration in original). Plaintiff has not alleged any physical injury and therefore his claim for damages for "stress" is frivolous.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14)days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996),** *superceded*

*by statute on other grounds*, **28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).**

      In Chambers, Monroe, Louisiana, May 9, 2013.

                                        */s/ Karen L. Hayes*
                                  KAREN L. HAYES
                                  U. S. MAGISTRATE JUDGE